UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
FABIAN WHITEHEAD,

                                Petitioner,

                                                        **OPINION & ORDER**
                                                        08-CV-4064 (SJF)

                -against-

DALE ARTUS, Superintendent                              **F I L E D**
Clinton Correctional Facility,                          IN CLERK'S OFFICE
                                                        U S. DISTRICT COURT E.D.N.Y

                                Respondent.             ★   SEP 0 8 2011   ★
-------------------------------------------------------- X
FEUERSTEIN, J.                                          **LONG ISLAND OFFICE**


        On January 30, 2006, *pro se* petitioner Fabian A. Whitehead ("Petitioner") was convicted of

one (1) count of robbery in the first degree and two (2) counts of robbery in the second degree in the

New York Supreme Court, Nassau County. He seeks a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 ("petition"). For the reasons set forth below, the petition is denied.


I.      Background

        A.      Factual Background


        On August 4, 2004, Michael Moy was robbed by two (2) males in Massapequa, New York.

Trial Transcript ("Tr.") at 176-91. According to Moy's testimony, each man was riding a "BMX

style bicycle," *id.* at 185, and after the first person rode past him, the second person, later identified

as Petitioner, approached Moy and pushed a gun against his ribcage. *Id.* at 179-85. Moy estimated

the height of the second man to be between five feet, seven inches (5' 7") and six feet (6'). *Id.* at

186; 264-65. After Moy pushed him away, the second man drew the gun's slide and struck Moy with

the gun, at which point both men took his belongings. *Id.* at 180-90. Moy reported the incident to

responding Nassau County Police Department Detective Jeffrey Marshall ("Detective Marshall").

*Id.* at 331-33. Two (2) males matching Moy's description were found in the area on bicycles, but

Moy was certain that they were not his attackers. *Id.* at 334-37.

On August 15, 2004, Detective Marshall responded to a domestic incident at Petitioner's

home in Massapequa. *Id.* at 338-39. According to Petitioner's wife, Petitioner had struck her and

displayed a small black gun. Hearing Transcript ("H.") at 9-10. Detective Marshall met with

Petitioner's mother-in-law outside the house, and after telling him that Petitioner was not home, she

"point[ed] out" a BMX style bicycle in the driveway and gave Detective Marshall permission to look

for Petitioner inside the house. Tr. at 339-40. Detective Marshall observed Petitioner in the kitchen,

asked Petitioner "where is the gun," and Petitioner responded "it's in the dog house." *Id.* at 340-42.

Detective Marshall accompanied Petitioner to a dog house behind the residence where he recovered

a loaded twenty-five caliber (.25) Colt pistol. *Id.* at 342-45. At the precinct, Petitioner admitted to

ownership of the gun. *Id.* at 414, 419-420. As Petitioner and the gun recovered matched the physical

description of the attacker and gun used during the robbery of Moy, Petitioner became a suspect.

*Id.* at 608-11.

On September 2, 2004, Detectives Robert Hillman ("Detective Hillman") and Stephen

Kowalski ("Detective Kowalski") showed Moy two (2) photo arrays: in the first, Moy positively

identified Petitioner's pistol as the gun that had been used during the robbery; in the second, Moy

positively identified Petitioner as the second man who had displayed and struck him with the gun.

*Id.* at 236-41, 574, 578-84. On November 3, 2004, Detective Hillman conducted a line-up identification procedure, at which Moy identified Petitioner as the second man in the robbery. *Id.* at 245-48, 477-81. Petitioner was charged with robbery in the first degree, criminal possession of a weapon in the fourth degree, and two (2) counts of robbery in the second degree.

At trial, Petitioner's motion to suppress the gun was denied. Nov. 22, 2005 Decision at 4. Moy positively identified Petitioner as the second person in the robbery, Tr. at 254, 287, 297-98, 318 320, and Detectives Marshall, Fitzgerald, and Kowalski, testified about the investigation and arrest of Petitioner.

### B.     Procedural History

On January 30, 2006, a jury convicted Petitioner of one (1) count of robbery in the first degree and two (2) counts of robbery in the second degree. Tr. at 727. On March 28, 2006, Petitioner was sentenced to (15) years of incarceration. Petitioner appealed his conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department ("Appellate Division") on six (6) grounds: (1) guilt was not proven beyond a reasonable doubt; (2) he did not receive a fair trial; (3) the jury selection statute, New York Criminal Procedure Law ("N.Y.C.P.L.") § 270.10 violates due process; (4) his sentencing was based on speculation; (5) appellant received ineffective assistance of trial counsel; and (6) there were no exigent circumstances to justify seizure of the gun without a search warrant. Petitioner's Appellate Brief at 11-32. On December 11, 2007, the Appellate Division affirmed the conviction holding that: (1) defendant's motion to suppress the handgun was properly denied because defendant consented to the warrantless

3

search by his words and conduct; (2) the evidence was legally sufficient to establish defendant's guilt beyond a reasonable doubt; (3) the verdict was not against the weight of the evidence; (4) defendant was not deprived of the effective assistance of counsel; (5) defendant's claim that N.Y.C.P.L. § 270.10 was unconstitutional was unpreserved for appellate review and petitioner had not notified the Attorney General of his challenge to state law; (6) the factors relied upon by the sentencing judge were appropriate, and (7) that Petitioner's remaining claims were meritless. People v. Whitehead, 46 A.D.3d 715, 848 N.Y.S.2d 657, 2007 N.Y. Slip Op. 09811 (N. Y. App. Div. 2007). Petitioner sought leave to appeal to the New York Court of Appeals, which was denied on February 25, 2008. People v. Whitehead, 10 N.Y.3d 772, 883 N.E.2d 1269, 854 N.Y.S.2d 334 (Table) (N.Y. 2008).

On September 29, 2008, Petitioner filed a petition for a writ of habeas corpus on six (6) grounds: (1) his guilt was not proven beyond a reasonable doubt; (2) he had not received a fair trial; (3) N.Y.C.P.L. § 270.10 violates due process; (4) his sentencing was based on speculation and other improper factors; (5) he had received ineffective assistance of trial counsel; and (6) there were no exigent circumstances to justify seizure of the gun without a search warrant.

II.    The Antiterrorism and Effective Death Penalty Act

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2254, governs petitions of incarcerated state court defendants seeking federal habeas corpus relief.

4

A.    Exhaustion

AEDPA requires that, prior to bringing a petition for habeas corpus relief in federal court, a petitioner "must exhaust the remedies available in state court or demonstrate that 'there is an absence of available State corrective process [or that] circumstances exist that render such process ineffective to protect the rights of the [prisoner].'" Fama v. Commisioner of Correctional Services, 235 F.3d 804, 808 (2d Cir. 2000) (citing 28 U.S.C. § 2254(b)(1)). In order to fulfill the exhaustion requirement, a petitioner must "fairly present" to the highest state court "both the factual and legal premises of the claims he asserts in federal court." Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004); see also Ramirez v. Attorney General for the State of New York, 280 F.3d 87, 96 (2d Cir. 2001) (noting that "the factual basis for an ineffective assistance claim must, like other issues, be presented to all relevant state courts"); Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011). Petitioner's claims have been presented to the Appellate Division and the Court of Appeals of New York, and therefore the state court remedies for these claims have been properly exhausted.

B.    Standard of Review

Pursuant to 28 U.S.C. § 2254(d) an application for a writ of habeas corpus that has met the procedural requirements must be denied

> unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or (2)

5

resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

An unreasonable application of established federal law occurs "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 164 L. Ed. 2d (2000); 28 U.S.C. § 2254(d)(1). Alternatively, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Williams, 529 U.S. at 413; 28 U.S.C. § 2254(d)(1). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Gilchrist v. O'Keefe, 260 F.3d 87, 93 (2d Cir. 2001). A determination of the factual issues made by a state court "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

When the state court decision rests on independent and adequate state procedural grounds, a federal habeas court need not engage in even this limited degree of review even if the claim is also denied alternatively on its merits. See Beard v. Kindler, ---U.S.---, 130 S. Ct. 612, 614, 175 L. Ed. 2d 417 (2009); Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005) ("[W]hen a state court says that a claim is 'not preserved for appellate review' but then rules 'in any event' on the merits, such a claim is

procedurally defaulted."). A federal court is procedurally barred from reviewing such claims. See Harris v. Reed, 489 U.S. 255, 264 n.10, 109 S. Ct. 1038, 103 L. Ed. 2d. 308 (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision) (emphasis in the original). However, a claim that is otherwise procedurally barred may be reviewable by a federal court in the event that a habeas petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 729, 749-50.

III.  Analysis

A.  Sufficiency of Evidence

Petitioner claims that there was insufficient evidence to establish his guilt beyond a reasonable doubt. Petition at 6. The Appellate Division denied this claim, holding that it was meritless as there was sufficient evidence to establish guilt beyond a reasonable doubt. See People v. Whitehead, 46 A.D.3d 715, 715-16. As the Appellate Division 's determination was on the merits, Petitioner may obtain habeas relief only if the Appellate Division's decision "was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

An applicant for federal habeas review carries a very heavy burden to rebut the legal sufficiency of his conviction by presenting clear and convincing evidence that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt" given the evidence produced at trial.

Jackson v. Virginia, 443 U.S. 307, 324, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); see also 28 U.S.C. § 2254(e)(1); Quirama v. Michele, 983 F.2d 12, 14 (2d Cir. 1993); Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002). The court must draw all inferences from the evidence in favor of the prosecution and "resolve all issues of credibility in favor of the jury's verdict." United States v. Reyes, 157 F.3d 949, 955 (2d Cir. 1998) (citations, internal quotation marks, and alterations omitted); see also Einaugler v. Supreme Court of New York, 109 F.3d 836, 40 n.2 (2d Cir. 1997) ("On a challenge to the sufficiency of the evidence ... we must take it as given that the jury chose not to believe [Petitioner's] version ...."). A federal court must defer to the state court's findings and is precluded from re-evaluating conflicting testimony. See Huber v. Schriver, 140 F. Supp. 2d 265 (E.D.N.Y. 2001); Fagon v. Bara, 717 F. Supp. 976 (E.D.N.Y. 1989).

Petitioner has failed to meet his burden of producing clear and convincing evidence demonstrating that the Appellate Division's decision "was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Petitioner challenges the veracity of the victim's testimony rather than alleging a violation of federal law. A dispute over the credibility of the victim's testimony is a determination for the jury, not a question or application of federal law. See Garrett v. Perlman, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006). The Appellate Division found, upon "viewing the evidence in the light most favorable to the prosecution, and drawing all reasonable inferences in the prosecution's favor," that the evidence "was legally sufficient to establish the defendant's guilt beyond a reasonable doubt." People v. Whitehead, 46 A.D.3d at 716. The Appellate Division's finding that there was sufficient evidence produced at trial to establish Petitioner's guilt beyond a

8

reasonable doubt was not contrary to federal law. Therefore, habeas relief is denied with respect to Petitioner's legal sufficiency claim.

Additionally, Petitioner contends that the verdict was against the weight of the evidence. Petitioner at 6. This claim is not cognizable in habeas corpus proceedings because, unlike a legal sufficiency claim, it presents an issue of state law, not a federal constitutional issue. See Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990) (stating that habeas review is not available for an alleged error of state law); Jackson v. Virginia, 443 U.S. 307, 315, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); see also Correa v. Duncan, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001) ("A 'weight of the evidence' argument is a pure state law claim grounded in New York Criminal Procedure Law § 470.15(5), whereas a legal sufficiency claim is based on federal due process principles. Accordingly, [federal courts are] precluded from considering the claim."). For that reason, this court is precluded from considering the claim. *See* 28 U.S.C. § 2254(a).

B.      Sixth Amendment Right to Fair Trial

Petitioner alleges that he was denied a fair trial because the trial court: (1) allowed introduction of Petitioner's statement admitting to his ownership of the pistol; (2) did not allow the defense extra time to review "Rosario" materials; (3) denied defense counsel's request to "voir dire" a photograph; (4) permitted the jury to listen to the recording of the emergency phone call (the "911 recording"); and (5) relied upon speculation during the sentencing proceedings. Petition at 7. The Appellate Division dismissed Petitioner's claims as meritless. See People v. Whitehead, 46 A.D.3d at 716. Petitioner does not allege or demonstrate that the Appellate Division's decision "resulted in

9

a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law as determined by the Supreme Court." 28 U.S.C. 2254(d)(1). Instead, Petitioner argues that the trial court's rulings on these evidentiary matters violated his right to a fair trial. Petitioner's claim, that the trial court erroneously relied on speculation during the sentencing proceedings is discussed below.

Habeas relief is generally not warranted for state evidentiary errors unless they are so egregious as to amount to a constitutional violation of Petitioner's right of a fair trial. See Jones v. Stinson, 229 F.3d 112, 119-20 (2d Cir. 2000); Mannino v. Graham, No. 06 Civ. 6371, 2009 WL 2058791 at *4 (E.D.N.Y. July 15, 2009) ("In order for an evidentiary error under state law to constitute a due process violation under the federal Constitution, a petitioner must show 'that the error was so pervasive as to have denied him a fundamentally fair trial.'") (quoting Collins v. Scully, 755 F.2d 16, 18 (2d Cir. 1985)). To satisfy this standard, Petitioner must "establish that the evidence was (a) erroneously admitted under New York law and (b) 'sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it.'" Id. (quoting Collins, 755 F.2d at 19). Petitioner has failed to demonstrate that his statement of ownership of the gun, the gun, the photograph, or the 911 recordings were improperly admitted into evidence under New York law.

With respect to the 911 recording, Petitioner also alleges a possible Crawford violation. See Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). In pertinent part, Crawford held that a out-of-court testimonial statement made by a declarant who is not testifying at trial, which would otherwise be admissible as a hearsay exception, may not be admitted pursuant to the Confrontation Clause of the Constitution. See id. at 53-54. However, this general rule does not

apply to statements, "made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." Davis v. Washington, 547 U.S. 813, 817, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006) (a recording of a non-testimonial emergency phone call). Crawford is not applicable to Petitioner's case because Moy testified and authenticated the recording, negating any Confrontation Clause issue. See Tr. at 212-15.

Petitioner's claim that the refusal to allow defense counsel extra time to review the Rosario material is not federal claim, and is therefore not cognizable in habeas proceedings. See Morrison v. McClellan, 903 F.Supp. 428, 429 (E.D.N.Y. 1995) (dismissing Rosario habeas claims as not raising an issue of federal law). Therefore, habeas relief is denied with respect to Petitioner's claims that the trial court rulings denied him a fair trial.

C.    Challenge to N.Y.C.P.L. § 270.10

Petitioner claims that N.Y.C.P.L. § 270.10 violated his Fourteenth Amendment right to due process by denying his right to a fair trial by jury. Petition at 9. A federal court will not review a state court judgment that rests upon state law ground which is independent of the merits of the federal claim and an adequate basis for the judgment. See Harris v Reed, 489 U.S. 255, 260-62, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989) (procedural bar applies where the state court's decision contains a "plain statement" that it is relying at least in part on the appropriate state procedural rule in deciding the claim.). "A federal claimant's procedural default precludes federal habeas review, like direct review, only if the last state court rendering a judgment in the case rests its judgment on

the procedural default." Id. at 262 (quoting Caldwell v. Mississippi, 472 U.S. 320, 327, 105 S. Ct. 2633, 86 L. Ed. 2d 231 (1985))

The Appellate Division explicitly found that Plaintiff's challenge to N.Y.C.P.L. § 270.10 was unpreserved for appellate review pursuant to N.Y.C.P.L. § 470.05(2) and improperly before the court as the Petitioner failed to provide notice of the constitutional challenge to the Attorney General pursuant to New York Civil Practice Law and Rules § 1012(b)(1). See People v. Whitehead, 46 A.D.3d at 716. Petitioner has not justified his default, or demonstrated that the Court's failure to consider the claim will result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 729, 749-50, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). As the judgment rests upon a state law which is independent of the federal claims and adequately supports the judgment, Petitioner's challenge is procedurally barred.

D.    Speculation in Sentencing

Petitioner alleges that his sentence was based upon speculation and other improper factors. Petition at 10. Petitioner claims that Judge La Pera improperly relied upon the suspicion that Petitioner committed other robberies within the neighborhood and that he was in the country on an expired visa. The Appellate Division rejected this claim. See People v. Whitehead, 46 A.D.3d at 716. Therefore, Petitioner may obtain habeas relief only if the Appellate Division's decision "was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

As Petitioner was sentenced pursuant to state law, the Court construes his challenge to be that the reliance on these factors at his sentence violated his constitutional due process. It is a well-accepted principle that, so long as the sentence imposed by the trial state court falls within the statutory range of the crimes for which the defendant is convicted the sentence does not violate due process. See Apprendi v. New Jersey, 530 U.S. 466, 481, 120 S. Ct. 2348, 147 L. Ed. 2d 525 (2000) (stating that "nothing in this history suggests that it is impermissible for judges to exercise discretion-taking into consideration various factors relating both to the offense and offender-in imposing a judgment *within the range* prescribed by statute.") (emphasis in original); Williams v New York, 337 U.S. 241, 250-51, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949). "[H]earsay statements, other crimes for which the defendant was neither tried nor convicted, and crimes charged that resulted in acquittal may be used by the sentencing court in determining sentence." United States v. Lee, 818 F.2d 1052, 1055 (2d Cir. 1987) (citing United States v. Pugliese, 805 F.2d 1117, 1122 (2d Cir. 1986)).

Petitioner's convictions of robbery in the first and second degrees carry maximum penalties of twenty (25) years and fifteen (15) years incarceration respectively. *See* New York Penal Law § 70.02(1)(a), (1)(b), (3)(a), (3)(b). As Petitioner was convicted, the trial judge had discretion to consider any reliable relevant information. See McMillan v. Pennsylvania, 477 U.S. 79, 91, 106 S. Ct. 2411, 91 L. Ed. 2d 67 (1986); Williams v. Oklahoma, 358 U.S. 576, 584, 3 L. Ed. 2d 516, 79 S. Ct. 421 (1959) ("Once the guilt of the accused has been properly established, the sentencing judge, in determining the kind and extent of punishment to be imposed, is not restricted to evidence derived from the examination and cross-examination of witnesses in open court . . . ."); United States v. Simmons, 164 F.3d 76, 79 (2d Cir. 1998) ("Any information may be considered, so long as it has

13

sufficient indicia of reliability to support its probable accuracy.") (citations and internal quotation marks omitted). Petitioner has failed to provide evidence that Judge La Pera relied upon suspicions that he had been involved in other robberies and has not demonstrated that the Judge La Pera relied upon any other untrue assumptions or misinformation. Therefore, habeas corpus relief is denied with respect this claim.

E.    Ineffective Assistance of Counsel

In order to prevail on a Sixth Amendment ineffective assistance of council claim, a petitioner must satisfy the two (2) prong test established by the Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). First, Petitioner must prove that counsel's representation "fell below an objective standard of reasonableness" measured against "prevailing professional norms." <u>Id.</u> at 688.  Second, petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694, 691 (stating that "an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment"). A "reasonable probability" is a probability "sufficient to undermine confidence in the outcome." <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 129 S. Ct. 1411, 1422, 173 L. Ed. 2d 251 (2009) (quoting <u>Strickland</u>, 466 U.S. at 694). To prove a claim of ineffective assistance of counsel, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Knowles</u>, 129 S. Ct. at 1420. A petitioner may rebut this presumption only by demonstrating that "in light of all the circumstances, the identified acts or

14

omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if the decision was contrary to, or an unreasonable application of, the Strickland standard. See Yarborough v. Gentry, 540 U.S. 1, 5, 124 S. Ct. 1, 4, 157 L. Ed. 2d 1 (2003).

Petitioner alleges that he was denied effective assistance of counsel on nine (9) grounds: (1) defense counsel "seemed oblivious" to the fact that hearsay is permitted at these proceedings; (2) defense counsel permitted his sole witness at the pre-trial hearing to be present during the prosecution's testimony; (3) defense counsel failed to preserve his challenge of juror sixteen (16) for cause for appellate review; (4) in his opening statement defense counsel alluded to a photo array; (5) defense counsel elicited testimony to the fact Petitioner was suspected of committing a number of robberies in the neighborhood; (6) defense counsel failed to move to strike the testimony and did not request a curative instruction; (7) defense counsel elicited testimony about Petitioner being found in possession of a gun similar to the one described by the victim; (8) defense counsel did not object to testimony that in prior proceedings the victim had correctly identified that Petitioner was not present in the room; and (9) during summations defense counsel referred to the victim of the robbery as arrogant. Petition at 11. The Appellate Division determined that Petitioner was not denied the effective assistance of counsel. See People v. Whitehead, 46 A.D.3d at 716.

The Appellate Division's finding that Petitioner was not denied effective assistance of counsel was a reasonable application of the constitutional standard; Petitioner's allegations, if true, fail to demonstrate that the representation by his attorney fell below the objective standard of reasonableness in prevailing professional norms. Knowles, 129 S. Ct. at 1420. The trial record indicates that Petitioner's counsel provided adequate representation and presented a good faith effort

in presenting Petitioner's arguments and defenses to the judge and jury. Moreover, Petitioner has failed to establish that there is a reasonable probability that, but for these alleged failures, the proceeding would have resulted differently. See Strickland, 466 U.S. at 695-96, 104 S. Ct. 2052 (considering the totality of the evidence before the judge or jury); see also United States v. Guana, 511 F.3d 110, 120 (2d Cir. 2007) (failure to object to admission of evidence, without evidence of prejudice, did not constitute ineffective assistance). Since Petitioner has not alleged violations that establish either of the two (2) elements articulated in Strickland, the Appellate Division's finding was reasonable, and therefore habeas corpus relief is denied with respect to Petitioner's ineffective assistance of counsel claims.

### F. Fourth Amendment Claims

Petitioner claims the admission of the pistol at trial violated his Fourth Amendment right to be free from warrantless seizure of his property. Petition at 11, 16. Where Petitioner is provided a full and fair opportunity to litigate the legality of a search, federal habeas review of the search is precluded. Stone v. Powell, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976); see also Pina v. Kuhlman, 239 F. Supp. 2d 285, 298 (E.D.N.Y. 2003). Fourth Amendment claims in habeas petitions may be undertaken "in only one of two [2] instances: (1) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (2) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992).

New York provides a statutory procedure for defendants to litigate and seek redress for Fourth Amendment violations, which has been expressly approved as legitimate process in this Circuit. *See* N.Y.C.P.L. § 710.20; see also Capellan v. Riley, 975 F.2d, 67, 70 n.1 (2d Cir. 1992); Largo v. Griener, No. 03-672, 2004 WL 725319 (E.D.N.Y. Mar. 4, 2004); Hunter v. Greiner, No. 99-4191 2000 WL 245864 (S.D.N.Y. Mar. 3, 2000). Petitioner availed himself of New York's statutory procedure when he moved to suppress the gun recovered by the police during his hearing. Petitioner appealed the denial of his motion to suppress to the Appellate Division, which affirmed the hearing court's decision. See People v. Whitehead, 46 A.D.3d 715, 716 (N. Y. App. Div. 2007). Therefore, Petitioner had a full and fair opportunity to litigate the issue. See Grey v Hoke, 933 F.2d 117, 121 (2d Cir. 1991). Based upon a review of the record, plaintiff has not been precluded from challenging the seizure of the pistol, there has been no breakdown in the underlying process, and therefore Petitioner's claim is denied.

VI.    Certificate of Appealability

As Petitioner has failed to make a substantial showing of a violation of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(1); see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed .2d 931 (2003); Contino v. United States, 535 F.3d 124, 127 (2d Cir. 2008); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

VII.   Conclusion

For the foregoing reasons, the petition is denied in its entirety and the proceeding is dismissed. A certificate of appealability will not issue. The Clerk of the Court is directed to service notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil procedure, including mailing a copy of the Order to the pro se Petitioner at his last known address. Fed. R. Civ. P. 5(b)(2)(C).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated:  September 8, 2011
        Central Islip, New York